Kimmel & Silverman, P.C.
1930 East Marlton Pike, Ste. Q29
Cherry Hill, NJ 08003
Telephone: (800) 668-3247
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SCOTT GEBHARDT,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **SIRIUS XM RADIO, INC.,** | |
| Defendant. | **(Unlawful Debt Collections Practices)** |

## COMPLAINT

SCOTT GEBHARDT ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against SIRIUS XM RADIO, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Belford, New Jersey 07718.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 1221 Avenue of the Americas, 36th Floor, New York, NY 10020.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or before October 2014, and continuing through January 2015, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. During the relevant period, Defendant called Plaintiff on his cellular telephone, on average, two to three times per day attempting to sell its subscription services to Plaintiff.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Defendant's automated messages identified its company name as the caller.

17. Defendant's telephone calls were not made for "emergency purposes."

18. In October 2014, Plaintiff revoked any consent previously given to Defendant to place telephone calls to his cellular telephone number.

19. Specifically, Plaintiff had sold the vehicle containing the satellite equipment and so told Defendant's callers that he no longer needed the services and to stop calling his cellular telephone regarding the satellite radio subscription.

20. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling his cellular telephone number.

21. Despite the above, Defendant persisted in calling Plaintiff on his cellular telephone for several months.

22. For example, Defendant continued to repeatedly call Plaintiff on his cellular telephone on the following dates: January 2, 2015, January 3, 2015, January 4, 2015, January 5, 2015, January 6, 2015, and January 7, 2015.

**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

25. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27. Defendant's calls to Plaintiff, after October 2014, were not made with Plaintiff's prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff into subscribing for its services.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, SCOTT GEBHARDT, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SCOTT GEBHARDT, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not

subject to any other action pending in any court, arbitration or administrative proceeding.

                                                Respectfully submitted,

Dated: January 16, 2015          By: /s/ Amy L. Bennecoff
                                            Amy L. Bennecoff, Esquire
                                            Kimmel & Silverman, P.C.
                                            1930 East Marlton Pike, Ste. Q29
                                            Cherry Hill, NJ 08003
                                            Telephone: (800) 668-3247
                                            Facsimile: (877) 788-2864
                                            Email: abennecoff@creditlaw.com